IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Fantasia Chandler, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 1:23-cv-3858-JFA |
| vs. | ) | |
| | ) | |
| SC House Calls, Inc., | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. FACTS AND PROCEDURAL HISTORY

Fantasia Chandler ("Plaintiff" or "Chandler") filed this action against her former employer, SC House Calls ("Defendant") alleging breach of contract, breach of contract with fraudulent intent, race discrimination in violation of 42 U.S.C. § 1981, and defamation. ECF No. 1. Plaintiff's complaint is predicated on alleged race-based discrimination and retaliation during her employment with Defendant.[1]

By way of background, Plaintiff's complaint was filed on August 4, 2023. On November 20, 2023, Defendant filed an answer and motion to dismiss stating Plaintiff had failed to adequately plead her claim. Plaintiff filed a response in opposition on December 4, 2023. On December 27, 2023, United States Magistrate Judge Shiva V. Hodges issued a report and recommendation, recommending this Court grant Defendant's motion [ECF

---

[1] Plaintiff was employed by Defendant as a nurse practitioner from August 2019 – February 2022.

No. 8], and dismiss Plaintiff's breach of contract claims with prejudice and Plaintiff's remaining claims without prejudice. ECF No. 14 at 25.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 14. Plaintiff has filed an objection to the Report. ECF No. 18. The Defendant filed a reply brief to Plaintiff's objection.[2] ECF No. 19. Accordingly, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the

---

[2] The Defendant correctly notes that Plaintiff's Objection was untimely as it was filed, without explanation, well outside the fourteen (14) day period for the filing of objections to the Magistrate Judge's Report and Recommendation. *See* ECF No. 19; *see also* 28 U.S.C. § 636(b)(1)(C). Though untimely, the Court has chosen to take up the Objection on the merits.

Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein

without a recitation.

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. ECF no. 14. In response to the Report, Plaintiff enumerated one objection. ECF No. 18. Though Plaintiff's objection is more accurately described as a disagreement with the Magistrate Judge's conclusion supported by a rehashing of an argument previously presented, the Court will nevertheless address the argument below.

### A. Plaintiff's Objection

Plaintiff takes issue with the Magistrate Judge's application of Rule 12(d) in this case. Specifically, Plaintiff contends that the Magistrate Judge misapplied Rule 12(d) based on the incorrect assumption that the parties had sufficient time to conduct discovery. In reply, Defendant contends that Plaintiff's objection is without merit. Defendant argues that Plaintiff was properly notified of the Magistrate Judge's intent to convert Defendant's Motion to Dismiss into one for summary judgment, and that the Magistrate Judge appropriately concluded that Plaintiff failed to present any basis that additional discovery was warranted.[3]

### B. Court's Analysis

The Court begins its' analysis of this objection by acknowledging that both the

---

[3] Defendant also argues that Plaintiff filed an untimely objection and failed to justify the belated submission. While Plaintiff's objection was untimely, the Court will address the objection on the merits.

Plaintiff and Defendant agree that the Magistrate Judge provided proper notice of her intention to convert Defendant's Motion to Dismiss into a motion for summary judgment. *See* ECF Nos. 18 & 19. The Court next notes that neither party disputes the governing law at issue regarding proper conversion under Rule 12(d). *Id*. Rather, Plaintiff's objection is that more time for discovery is necessary. ECF No. 18. Plaintiff raised this issue in her Response in Opposition to Defendant's Motion to Dismiss. ECF No. 12. The issue was discussed directly by the Magistrate Judge in the Report. ECF No. 14 at 12.

Plaintiff does not contend that she has presented evidence sufficient to demonstrate that a genuine issue of material fact exists, nor does she offer examples of the evidence she believes would be uncovered in discovery.[4] Instead, Plaintiff relies on the bare assertion that "nether party has been allowed an adequate time for discovery." ECF No 18 at 2. The Court notes that, when asserting that summary judgment should be denied in favor of additional discovery, "[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is "not merely engaged in a 'fishing expedition.'" *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (quoting *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001)). The Plaintiff in this case has failed to make such a showing. The Court concludes that the Magistrate Judge appropriately evaluated Plaintiff's arguments for additional discovery. Accordingly, the objection must be overruled.

---

[4] Summary judgment was appropriate where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment. See *Strag v. Bd. of Trustees, Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995).

## IV. CONCLUSION

After careful consideration, the Court concludes that Plaintiff's objection fails to articulate why additional discovery is necessary. Therefore, **IT IS ORDERED** that the Report, ECF No. 14, is **ACCEPTED**, and the Plaintiff's objection, ECF No. 18, is **OVERRULED**. For the reasons stated in the Report, Plaintiff's breach of contract claims are **DISMISSED WITH PREJUDICE** and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

_____
Joseph F. Anderson, Jr.
United States District Judge

March 15, 2024
Columbia, South Carolina